# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN ROBERT GRAN,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:18-cv-01745-SAB-HC<br><br>ORDER RE: NEXT FRIEND HABEAS JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL DUSTIN ROBERT GRAN A COPY OF THE PETITION |

On December 21, 2018, the instant federal habeas petition was filed in the Sacramento division of the United State District for the Eastern District of California. (ECF No. 1). As the petition challenges Dustin Robert Gran's conviction in the Stanislaus County Superior Court, which is located in the Fresno Division, the petition was transferred to this Court. (ECF No. 3).

The petition submitted to the Court was completed and signed by Dustin Robert Gran's father. (ECF No. 1 at 19).[1] "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

The last page of the petition states: "I am Dustin's father. Dustin was unable to process this petition. I completed it for him. Dustin and I had numerous discussions and I attended and testified at his trial—the views expressed are his." (ECF No. 1 at 19). However, there is no adequate explanation as to why Dustin Robert Gran cannot appear on his own behalf to prosecute this action. Therefore, next friend standing has not been established.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **THIRTY (30) days** from the date of service of this order, **either**:

    (a) Dustin Robert Gran notify the Court in writing that: (a) his father filed the instant federal habeas petition with his knowledge and permission, (b) he declares under penalty of perjury that the contents of the petition are true and correct, and (c) going forward he will appear on his own behalf to prosecute this habeas action; **OR**

    (b) Dustin Robert Gran's father file a request with a detailed explanation as to why the Court should allow him to proceed in this habeas action as next friend of Dustin Robert Gran;

2. The Clerk of Court is DIRECTED to send Dustin Robert Gran a copy of the petition (ECF No. 1) along with two copies of this order;[2] and

3. Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a Court order and lack of jurisdiction.

IT IS SO ORDERED.

Dated: **January 4, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Dustin Robert Gran's father did not include his address in the petition. The only address on file for this case is California Men's Colony. Accordingly, the Court requests that to the extent practicable Dustin Robert Gran forward a copy of this order to his father. The Court further requests that any subsequent filing include the address of Dustin Robert Gran's father.