# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN ROBERT GRAN,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:18-cv-01745-DAD-SAB-HC<br><br>ORDER REGARDING APPOINTMENT OF COUNSEL AND REFERRING MATTER TO FEDERAL PUBLIC DEFENDER'S OFFICE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

Petitioner Dustin Robert Gran is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 21, 2018, a federal habeas petition was filed that challenged the Stanislaus County Superior Court conviction of Petitioner Dustin Robert Gran. (ECF No. 1). The petition submitted to the Court was completed and signed by Petitioner's father, Robert U. Gran, Jr. As there was no detailed explanation regarding why Petitioner's father completed and signed the petition, the Court ordered that either: (1) Petitioner declare under penalty of perjury that the contents of the petition are true and correct and that going forward Petitioner will appear on his own behalf to prosecute this habeas action; or (2) Petitioner's father file a request with a detailed explanation as to why the Court should allow Petitioner's father to proceed in this habeas action as next friend of Petitioner. (ECF No. 6).

On January 16, 2019, the Court received a response from Petitioner, which stated that Petitioner's father was granted permission to file legal documents related to the instant federal habeas proceeding, that the filed petition contained Petitioner's views, and that Petitioner

currently cannot represent himself due to mental incompetence. (ECF No. 7). As it was not clear from the submissions whether next friend standing should be granted to Petitioner's father, the Court ordered further briefing on the issue. (ECF No. 8).

On March 22, 2019, Respondent filed a brief, arguing that the record does not support a finding that Petitioner's father has next friend standing in this case. (ECF No. 13). The Court granted Petitioner a sixty-day extension to file a response to Respondent's brief. (ECF No. 22). On April 26, 2019, Petitioner's father submitted an AO 89B form entitled "Subpoena to Produce Documents, Information, or Objects in a Criminal Case." (ECF No. 23). It appears that Petitioner's father is attempting to obtain records to demonstrate that Petitioner cannot litigate the habeas petition on his own.

The Court now reviews whether to appoint counsel to Petitioner. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons[1] if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by the appointment of counsel *if Petitioner is financially eligible* given the complexity of the issues involved with respect to Petitioner's competency and next friend standing jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. The matter is hereby referred to the Federal Public Defender's Office to find counsel for Petitioner if Petitioner is financially eligible for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B);

---

[1] On January 3, 2019, an order authorizing in forma pauperis status was issued. (ECF No. 5). However, Petitioner has not submitted an application to proceed in forma pauperis, and the Court is not in possession of any information regarding Petitioner's finances.

2

2. Within **thirty (30) days** of the date of service of this order,

    a. a notice of appearance shall be filed with the Court by the attorney representing Petitioner; or

    b. a notice shall be filed with the Court by the Federal Public Defender's Office that Petitioner is not financially eligible for appointment of counsel;

3. The Clerk of the Court is directed to send a copy of this order to Petitioner, Petitioner's father, the Federal Public Defender's Office, and Respondent;

4. The Clerk of the Court is directed to send a copy of Petitioner's habeas corpus petition (ECF No. 1) and Respondent's brief (ECF No. 13) to the Federal Public Defender's Office; and

5. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of other documents in the file.

IT IS SO ORDERED.

Dated: **April 29, 2019**

UNITED STATES MAGISTRATE JUDGE