UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN ROBERT GRAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JOSIE GASTELO,<br><br>　　　　Respondent. | No.  1:18-cv-01745-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION TO STAY, GRANTING IN PART RESPONDENT'S COUNTER-MOTION TO DISMISS, AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. Nos. 48, 52, 54, 60, 70, 80) |

**BACKGROUND**

Petitioner Dustin Robert Gran is a state prisoner proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 8, 2021, the assigned magistrate judge issued findings and recommendations recommending that:  (i) respondent's motion to dismiss petitioner's first amended petition ("FAP") (Doc. No. 52) be denied; (ii) petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (Doc. Nos. 54, 60—sealed) be granted and this case be stayed pending exhaustion of petitioner's unexhausted claim 4 in state court; and (iii) respondent's counter-motion to dismiss certain claims as untimely (Doc. No. 70—sealed) be

1

granted in part, and that claims 2B, 2C, 3, 7, 8, and 9[1] of the FAP be dismissed. (Doc. No. 80—sealed.) The pending findings and recommendations were served on the parties with notice that any objections thereto were to be filed within fourteen (14) days of the service of the findings and recommendations. (*Id.* at 18.) Both parties timely filed objections to the pending findings and recommendations and responses to the other party's objections. (Doc. Nos. 81, 84, 89—sealed, 90.) The undersigned will first address petitioner's objections and respondent's responses thereto, and then address respondent's objections and petitioner's responses thereto.[2]

## ANALYSIS

**A.    Petitioner's Objections to the Findings and Recommendations**

      1.    <u>Recommendation that the Assigned District Judge Stay the Case Rather than the Magistrate Judge Ordering the Stay</u>

Petitioner objects that the magistrate judge should have granted his motion to stay under *Rhines* rather than *recommend* to the assigned district judge that his motion be granted. (Doc. Nos. 89 at 2—sealed; 84 at 2.) Petitioner contends that magistrate judges "may simply grant a *Rhines* stay, because staying the proceedings to permit further exhaustion does not dispose of any claim or finally 'determine the matter.'" (Doc. No. 89 at 2—sealed) (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015)). In response to this objection, respondent

---

[1] In the counter-motion to dismiss, respondent seeks dismissal of petitioner's unexhausted claims 2B, 2C, 3, 4, 7, 8, and 9 as untimely, but respondent did not seek dismissal of petitioner's exhausted claims 1, 2A, 5, and 6. (*See* Doc. No. 80 at 3—sealed.) The pending findings and recommendations recommend dismissal of unexhausted claims 2B, 2C, 3, 7, 8, and 9, but not claim 4 because claim 4 relates back to petitioner's original petition, which was timely filed within the applicable one-year statute of limitations period. (*Id.* at 12–15.)

[2] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. While that situation was partially addressed by the U.S. Senate's confirmation of a district judge for one of this court's vacancies on December 17, 2021, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022. For over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

counters that petitioner's motion to stay is a dispositive motion because if he "does not receive a stay, his unexhausted claims must be dismissed with prejudice because the statute of limitations has already run on those claims." (Doc. No. 90 at 2–3.) Respondent contends that regardless of whether the magistrate judge had the authority to issue a stay, the "decision to recommend a stay, rather than order one, was permissible and reasonable under the circumstances." (*Id.* at 1.)

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* Local Rule 303(c). In contrast, dispositive matters that may not be heard directly by a magistrate judge must be addressed by way of findings and recommendations. *See* 28 U.S.C. § 636(b).

The Ninth Circuit has never held that the *granting* of a *Rhines* stay is a dispositive order that may not be issued by a magistrate judge.[3] Nonetheless, the Ninth Circuit has also never held that magistrate judges err if they issue findings and recommendations recommending that a motion to stay be granted rather than issue an order staying the case. Indeed, magistrate judges in this Circuit commonly proceed by way of findings and recommendations on motions to stay under *Rhines* even when they recommend that the stay be granted. *See Harris v. Frauenheim*, No. 1:19-cv-01203-LJO-SAB, 2019 WL 7484749, at *1 (E.D. Cal. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 58246 (E.D. Cal. Jan. 6, 2020) (recommending issuance of a *Rhines* stay and noting that "[g]iven 'that a motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims,' the undersigned shall submit findings and recommendation on the motion") (quoting *Mitchell*, 791 F.3d at 1171); *Torres v. Diaz*, No. 3:19-cv-01964-LAB-JLB, 2020 WL 7869488, at *22 (S.D. Cal. Dec. 31, 2020), *report*

---

[3] The Ninth Circuit has acknowledged that the *denial* of a *Rhines* stay is generally considered to be a dispositive ruling, as outlined in the companion cases, *Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) and *Bastida v. Chappell*, 791 F.3d 1155 (9th Cir. 2015). The undersigned notes that *dicta* in the decisions in *Mitchell* and *Bastida* suggests that an order granting a stay and abeyance under *Rhines* is most likely not a presumptively dispositive order. Because the Ninth Circuit employs the functional approach, *Mitchell*, 791 F.3d at 1168–69, the dispositive nature of a motion can turn on the outcome and any "asymmetry" in this result is because of the effect of the ruling on the ultimate claims. *Bastida*, 791 F.3d at 1155 n.5–6.

*and recommendation adopted in part*, 2021 WL 807689 (S.D. Cal. Mar. 3, 2021) (recommending that the district court grant a *Rhines* stay); *Robinson v. Johnson*, No. 2:20-cv-8778-DMG-PVC, 2021 WL 6275039, at *6 (C.D. Cal. July 12, 2021), *report and recommendation adopted*, 2021 WL 6246621 (C.D. Cal. Dec. 29, 2021) (same).

For these reasons, the undersigned rejects petitioner's argument that the findings and recommendations are erroneous because the magistrate judge should have issued an order staying this case under *Rhines* and failed to do so. Moreover, petitioner's objection in this regard is ultimately immaterial because, for the reasons explained below, the undersigned will adopt the pending findings and recommendations recommending that petitioner's motion for stay and abeyance be granted.

    2.    <u>The Magistrate Judge's Conclusion that Equitable Tolling Does Not Apply</u>

Next, petitioner objects to the magistrate judge's determination that petitioner was not eligible for equitable tolling and contends that the magistrate judge erred in concluding that his "mental illnesses, brain injury, and seizure disorder did not rise to the level of extraordinary circumstances rendering it impossible for him to timely file the unexhausted claims by the end of the federal limitations period." (Doc. No. 89 at 2—sealed.)

First, petitioner argues that the findings and recommendations in this regard are based on a "one-sided reading" of his prison records that "downplays or ignores indications of severe, debilitating mental illness and brain injury," including instances of suicidal ideation and panic attacks. (*Id.* at 2–3.) However, the undersigned has reviewed the medical records that petitioner references in his objections and finds petitioner's characterization of those records to be inaccurate. For example, petitioner contends that the magistrate judge erred by stating that petitioner "denied suicidal or homicidal ideation," because, according to petitioner, "the [prison] record is replete with indications that [he] did, in fact, suffer in that way," and he cites to a particular page of the record that supposedly indicates he had "suicidal ideation in December 2018." (Doc. No. 89 at 2—sealed) (citing Doc. No. 67 at 116—sealed ("MHR 116")).[4] But the

---

[4] "MHR" refers to petitioner's mental health records that were lodged with the court on September 11, 2020, and MHR page numbers refer to the Bates-stamp. (Doc. Nos. 67–69.)

pending findings and recommendations actually state that "[p]etitioner denied *immediate* suicidal ideation or homicidal ideation" (Doc. No. 80 at 7—sealed) (emphasis added), and that finding is supported by the referenced page of the record, which actually states that petitioner

> denied current SI [suicidal ideation]. He said he struggled with some passing SI last night that he was able to 'get rid' of by himself. He confirmed he would be able to ask for help if he struggled with SI [that] he was unable to manage on his own. He denied SI/HI [homicidal ideation],

(Doc. No. 67 at 116—sealed.) In another example, petitioner cites to a particular page of the prison records (MHR 436) as indicating that he "claim[ed] he would like to 'one day just go to sleep and not wake up,'" (Doc. No. 89 at 2—sealed), however, that particular page does not include any such quotation. (Doc. No. 67-1 at 188—sealed.) Moreover, while reviewing the record, the undersigned located this quoted language on a different page (MHR 433) and finds that petitioner's excerpt of this quote is misleading. The full quote actually supports—not undercuts—the pending findings and recommendations, stating:

> [Petitioner] denied having SI/HI [suicidal/homicidal ideation] but would like to "one day just go to sleep and not wake up." [Petitioner] reported not having SI "it's been a long time since I've had one." [Petitioner] reported that he won't harm self "because I wouldn't be able to do that to my parents especially my mom."

(Doc. No. 67-1 at 185—sealed.) Accordingly, the undersigned does not find petitioner's argument in this regard to be supported by the record.

Second, petitioner argues that the magistrate judge erred in implying that a petitioner who files a petition within the limitations period cannot thereafter establish equitable tolling of the applicable statute of limitations as to any new claims he seeks to assert. (Doc. No. 89 at 3–4—sealed.) According to petitioner, "there is no bright-line rule foreclosing the availability of equitable tolling as long as a petitioner gets something—anything—on file within AEDPA's one-year deadline," and the magistrate judge erred in applying such a rule. (*Id.*) However, the findings and recommendations simply did not apply such a bright-line rule. Rather, the magistrate judge concluded that petitioner cannot show that his mental condition—i.e., that he "has battled a chronic struggle with depression and anxiety"—*caused* him to fail to meet the AEDPA filing deadline because despite having suffered from those mental conditions, he had

timely filed his original federal habeas petition. (Doc. No. 80 at 10–11—sealed.) Absent such causation, equitable tolling is not available. (*Id.*) (citing cases). In addition, the undersigned is not persuaded by petitioner's unsupported argument that if a petitioner facing extraordinary circumstances timely files a petition that includes only "record-based [claims] lifted directly from his direct appeal," courts cannot consider the fact of that timely filing in determining whether those extraordinary circumstances "prevented the petitioner from developing and asserting any new, non-record-based habeas claims." (Doc. No. 89 at 3–4—sealed.)

Third, petitioner objects that the magistrate judge did not address his arguments with regard to assistance he supposedly received from his father (who petitioner argues had a conflict of interest). (Doc. No. 89 at 4—sealed.) However, petitioner asserted those arguments in his opposition to respondent's counter-motion to dismiss specifically to rebut respondent's "suggestion that because [petitioner's] father assisted him with the petition, . . ., [petitioner's] own mental illnesses and functional deficits cannot justify equitable tolling." (Doc. No. 78 at 6—sealed.) Because the findings and recommendations did not address or rely on respondent's "suggestion" in this regard, petitioner's counterarguments did not need to be addressed either in the findings and recommendations or in this order.

        3.    <u>Magistrate Judge's Conclusion that Claims 2B and 2C Do Not Relate Back</u>

Lastly, petitioner objects to the magistrate judge's conclusion that claims 2B and 2C do not share a common core of operating facts with the claims asserted in the original petition. Yet, in his objections, petitioner merely refers to the arguments made in his brief in opposition to respondent's counter-motion to dismiss. (Doc. No. 89 at 4—sealed.) Those arguments were properly analyzed and ultimately rejected in the findings and recommendations. (*See* Doc. No. 80 at 12–13.)

In sum, none of petitioner's objections provide a basis upon which to reject the pending findings and recommendations recommending that respondent's counter-motion to dismiss be granted in part, and that claims 2B, 2C, 3, 7, 8, and 9 of the FAP be dismissed as untimely.

/////

/////

6

**B.     Respondent's Objections to the Findings and Recommendations**

   1.     <u>Magistrate Judge's Conclusion that Claim 4 Relates Back and is thus Timely</u>

   First, respondent objects to the findings and recommendations to the extent they recommend denial of the counter-motion to dismiss petitioner's claim 4 as untimely. (Doc. No. 81 at 2.) Specifically, respondent objects to the magistrate judge's conclusion that claim 4 asserted in petitioner's FAP relates back under Rule 15(c) of the Federal Rules of Civil Procedure to petitioner's timely filed original petition. (*Id.*) As the magistrate judge noted in the pending findings and recommendations, "[i]n claim 4 of the FAP, petitioner asserts ineffective assistance of appellate counsel for failing to raise on appeal that seizure of petitioner's cellphone violated the Fourth Amendment." (Doc. No. 80 at 14—sealed.) The magistrate judge found that this claim "is supported by the common core of operative facts alleged in the original petition regarding the alleged unlawful seizure of petitioner's cellphone," and concluded that "[c]laim 4 of the FAP relates back to the original petition, and thus is timely and should not be dismissed." (*Id.* at 15.)

   In reaching this conclusion, the findings and recommendations analogized this case to the Ninth Circuit's decision in *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013) and rejected respondent's argument that *Nguyen* should not be followed as precedent. (*Id.*) According to respondent, *Nguyen* is irreconcilable with an earlier decision by the Ninth Circuit in *Schneider v. McDaniel*, 674 F.3d 1144 (9th Cir. 2012). (Doc. No. 81 at 6.) The magistrate judge found that *Nguyen* is the more applicable precedent in this case because *Nguyen* concerned the ineffective assistance of *appellate* counsel, whereas *Schneider* concerned the ineffective assistance of *trial* counsel. (Doc. No. 80 at 15, n.15—sealed.) Respondent contends that this distinction is not meaningful to the relation back analysis (Doc. No. 81 at 6), in which courts analyze whether an amended petition "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Respondent emphasizes that "the real focus of both appellate-counsel claims and trial-counsel claims is the actions of *counsel*," and "[t]he focus of an evidence-suppression claim is the actions of *law enforcement*." (Doc. No. 81 at 6.) However, respondent's emphasis on the difference in

7

actors is misplaced, even under *Schneider*. *See Noble v. Adams*, No. 3:06-cv-07114-EMC, 2018 WL 6106380, at *5 (N.D. Cal. Nov. 21, 2018) ("In any event, it is not clear from *Schneider* that the mere fact that the old and new claims concern different actors would preclude a relation-back finding."). "Relying on *Mayle* and *Nguyen*, courts have allowed relation back of claims rooted in the same facts notwithstanding 'that the allegedly improper actor is different in the new and old claims.'" *Id.* (citing *Patton v. Beard*, No. 3:14-cv-569-BEN-BLM, 2015 WL 1812811, at *11 (S.D. Cal. Apr. 20, 2015); *Wright v. LeGrand*, No. 3:12-cv-00286-MMD, 2014 WL 3428487, at *1–2 (D. Nev. July 10, 2014) (stating that "[t]he point that the amended claim is based upon a legal theory of ineffective assistance of counsel and the original claim was based upon a legal theory of prosecutorial misconduct is not determinative," and noting that "[t]he Ninth Circuit decision in *Schneider* [], is not to the contrary").[5] Accordingly, the undersigned is not persuaded by respondent's objection that the findings and recommendations erred in analogizing *Nguyen* to this case in analyzing whether petitioner's claim 4 relates back to his original petition.

The magistrate judge correctly found that petitioner's claim 4 alleging ineffective assistance of appellate counsel for failing to raise on appeal that seizure of petitioner's cellphone violated the Fourth Amendment "is supported by the common core of operative facts alleged in the original petition regarding the alleged unlawful seizure of petitioner's cellphone." (Doc. No. 80 at 15—sealed.)

/////

/////

/////

---

[5] For example, in *Patton*, the court found that the petitioner's new ineffective assistance of counsel claims (regarding trial counsel's failure to gain admission of specific crucial evidence and appellate counsel's refusal to raise this failure on direct appeal) related back to his original petition, in which he had asserted several claims "premised on the trial court's failure to admit" that crucial evidence. 2015 WL 1812811, at *10. The district court in *Patton* "acknowledge[d] that the allegedly improper actor is different in the new and old claims as the new ineffective assistance of counsel claims focus on the lawyers' conduct, whereas the original claims focus on the trial judge's conduct," yet the claims all arose "from the same core of operative facts— exclusion of the evidence of sperm from a person other than Petitioner found in the victim's underwear after the incident that led to Petitioner's conviction." *Id.* at *11.

      2.     <u>The Magistrate Judge's Conclusion that Petitioner Established Good Cause for the Granting of Stay and Abeyance</u>

Next, respondent objects to the magistrate judge's conclusion that petitioner has established good cause for his failure to exhaust claim 4 in state court and argues that petitioner's lack of counsel during state postconviction review proceedings is insufficient to establish good cause. (Doc. No. 81 at 8–10.) Specifically, respondent objects that the findings and recommendations treat as controlling precedent the Ninth Circuit's decision in *Dixon v. Baker*, 847 F.3d 714, 716 (9th Cir. 2017)—a decision that respondent had urged the magistrate judge to ignore—in which the Ninth Circuit held that "the statement that 'there was no counsel' in Dixon's state post-conviction case is sufficient to establish good cause." (Doc. Nos. 80 at 16, n.16—sealed; 81 at 8–9); *Dixon*, 847 F.3d at 721. The magistrate judge rejected respondent's invitation to ignore *Dixon*, and the undersigned likewise declines that invitation, particularly given that the Ninth Circuit recently applied *Dixon* in a similar case in which the petitioner had not filed any state habeas petition before seeking habeas relief in federal court, stating as follows:

> Here, the district court abused its discretion by concluding that [petitioner] Cage failed to establish good cause for a stay. . . . As relevant here, the good cause standard is satisfied when a petitioner lacked the effective assistance of counsel during state postconviction review proceedings. *See Dixon v. Baker*, 847 F.3d 714, 720–22 (9th Cir. 2017); *Blake*, 745 F.3d at 982–84. As in *Dixon*, Cage was without counsel during postconviction proceedings. Although Cage did not file a state postconviction review petition—in contrast to the petitioner in *Dixon*—this distinction is immaterial. As we explained in *Dixon*, "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." 847 F.3d at 721. Accordingly, Cage demonstrated good cause for failing to exhaust his unexhausted claims, including his claim of ineffective assistance of trial counsel, during state postconviction review proceedings.

*Cage v. Montgomery*, 812 F. App'x 679, 680 (9th Cir. 2020).[6] Although the unpublished decision in *Cage* is not controlling authority, *see United States v. Werle*, 815 F.3d 614, 620 (9th Cir. 2016) (unpublished Ninth Circuit decisions "are not controlling precedent"), the undersigned

---

[6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

9

1  joins other district courts in finding *Cage* to be persuasive authority and applying—not
2  ignoring—*Dixon*. *See Robinson v. Johnson*, No. 2:20-cv-8778-DMG-PVC, 2021 WL 6275039,
3  at *5–6 (C.D. Cal. July 12, 2021), *report and recommendation adopted*, 2021 WL 6246621 (C.D.
4  Cal. Dec. 29, 2021); *Bertram v. California*, No. 8:20-cv-0045-ODW, 2020 WL 6153101, at *6
5  (C.D. Cal. July 30, 2020) (granting a *Rhines* stay and concluding that "Petitioner's evident lack of
6  the assistance of counsel for purposes of filing a state habeas petition constitutes good cause
7  under *Rhines* for Petitioner's failure to exhaust"); *Gallegos v. Warden, Centinela State Prison*,
8  No. 2:20-cv-4019-CJC, 2020 WL 7315499, at *4 (C.D. Cal. Sept. 28, 2020) (same); *Torres v.
9  Diaz*, No. 3:19-cv-01964-LAB-JLB, 2020 WL 7869488, at *20 (S.D. Cal. Dec. 31, 2020), *report
10 and recommendation adopted in part*, 2021 WL 807689 (S.D. Cal. Mar. 3, 2021), *appeal
11 dismissed*, No. 21-55975, 2021 WL 5822549 (9th Cir. Sept. 16, 2021) (concluding that "the
12 record demonstrates that Petitioner proceeded *pro se* during his post-conviction proceedings" and
13 "therefore meets the threshold for good cause as articulated in *Dixon*"); *Vrh v. Ndoh*, No. 1:20-cv-
14 00581-NONE-JLT, 2020 WL 8641968, at *3 (E.D. Cal. Nov. 24, 2020) ("As Petitioner contends,
15 under *Dixon*, lack of counsel at a stage of post-conviction proceedings supports a finding of good
16 cause with respect to that stage of proceedings."); *see also Jeffries v. Clark*, No. 2:20-cv-2414-
17 JAM-KJN, 2021 WL 1966070, at *3 (E.D. Cal. May 17, 2021), *report and recommendation
18 adopted*, 2021 WL 2666135 (E.D. Cal. June 29, 2021) ("find[ing] that petitioner's *pro se* status in
19 his state petitions supports his claim that he had good cause for failing to first exhaust claim six"
20 because "[a] petitioner may establish good cause when he does not have counsel in state post-
21 conviction proceedings") (citing *Dixon*, 847 F.3d at 721)).

22          Accordingly, the undersigned agrees that petitioner has established good cause for failing
23 to first exhaust claim 4 of his FAP in state court and will adopt the findings and recommendations
24 recommending that petitioner's motion to stay this case under *Rhines* pending exhaustion of
25 petitioner's unexhausted claim 4 in state court be granted.

26          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
27 *de novo* review of the case. Having carefully reviewed the entire file, including both parties'
28 objections and responses thereto, the court concludes that the findings and recommendations are

supported by the record and proper analysis.

**CONCLUSION**

Accordingly,

1. The findings and recommendations issued on January 8, 2021 (Doc. No. 80—sealed) are adopted in full;

2. Respondent's motion to dismiss the first amended petition for writ of habeas corpus (Doc. No. 52) is denied;

3. Petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (Doc. Nos. 54, 60—sealed) is granted;

4. Respondent's counter-motion to dismiss (Doc. No. 70—sealed) is granted, in part;

    a. Petitioner's claims 2B, 2C, 3, 7, 8, and 9 of the first amended petition (Doc. No. 48) are dismissed as untimely;

5. The proceedings are stayed pending petitioner's administrative exhaustion of his state remedies;

6. Within thirty (30) days of the date of service of this order, petitioner shall pursue state court remedies;

7. Petitioner is directed to file a status report with this court within thirty (30) days of the date of service of this order and every ninety (90) days thereafter;

8. Within thirty (30) days following the final order of the state courts, petitioner shall notify the court that the unexhausted claim has been exhausted and to request that the stay be lifted and the case proceed; and

9. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **June 23, 2022**            _Dale A. Drozd_
                                      UNITED STATES DISTRICT JUDGE